UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYPH, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ZOOM VIDEO COMMUNICATIONS, INC.,<br><br>        Defendant. | Case No. 22-cv-00561-JSW<br><br>**ORDER GRANTING, IN PART, MOTION TO DISMISS, WITH LEAVE TO AMEND AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 19 |

Now before the Court for consideration is the motion to dismiss filed by Zoom Video Communications, Inc. ("Zoom"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS, IN PART, Zoom's motion, with leave to amend.

## BACKGROUND

According to Plaintiff Cyph, Inc. ("Cyph"), its founders invented "the best solution" for end-to-end encryption ("E2EE") enabled "communication and media platform[s], which allows uncensored communications and information exchanges." (*Id.* ¶¶ 15-16.) Cyph alleges that E2EE

> technology is a technology that provides stronger privacy protection because it allows individual members of a dialogue to encrypt their message to others and decrypt a message to them without intervention of a system administrator. E2EE is an essential component in confidential online meetings.

(*Id.* ¶ 10.)

Zoom "provides a video communication platform to anyone with internet access, around the world" and offers products and services such as video conferencing, webinars, chats, and phone systems. According to Cyph, Zoom uses E2EE encryption and could not have provided that technology without practicing the inventions claimed in six of Cyph's United States' patents:

No. 9,948,625 (the "'625 Patent"), No. 10,701,047 (the "'047 Patent"), No. 10,020,946 (the "'946 Patent"), No. 9,794,070 (the "'070 Patent"), No. 10,003,465 (the "'465 Patent"), and No. 9,906,369 (the "'369 Patent") (collectively the "Asserted Patents"). (Compl. ¶¶ 2-3, 14 & n.3, 18-23, 29, 36-87, Exs. G-L.) In addition to alleging that Zoom directly infringes each of the Asserted Patents, Cyph brings claims for induced infringement and contributory infringement.[1]

Cyph defines the term "Zoom Products" to include: Zoom Meetings; Zoom Marketplace; Zoom Video Webinars; Zoom Chat; Zoom Phone System; Zoom Events; Zoom Rooms and Workspaces; and Zoom Developer Program. (Compl. ¶ 29.) Cyph also alleges that "Zoom users can participate in Zoom Products, using Zoom Apps [*i.e.,* "Zoom's communications services"], Zoom Devices [hardware devices Zoom sells to individuals and businesses], or through a standard web browser." (*Id.* ¶ 31; *see also id.* ¶¶ 29-30.) Zoom also sells subscription packages ("Zoom Plans"), which allow subscribers to "initiate Zoom Products as a host and/or enjoy broader functions than non-subscriber users, including E2EE enabled communication[.]" (*Id.* ¶¶ 32-33.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

**A.   Applicable Legal Standards.**

Zoom moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing

---

[1]   Cyph argues, but does not allege, that Zoom purchased Keybase, Inc., which "implemented a network that used [Cyph's] patented E2EE solution, and that "Zoom adopted the infringing Keybase solution." (Opp. Br. at 2.) Because those facts are not alleged in the Complaint, the Court considers them only for purposes of evaluating whether it would be futile to grant Cyph leave to amend.

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In a patent case, a plaintiff cannot satisfy the pleading standards set forth in *Twombly* and *Iqbal* "by reciting the claim elements and merely concluding that the accused protect has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (internal quotations and citations omitted).[2] A patentee "need not prove its case at the pleadings stage"; it also is not required "to plead infringement on an element-by-element basis." *Id.* at 1352; *see also Phonometrics, Inc. v. Hospitality Franchise System, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). Instead, the patentee must allege sufficient facts to "place the potential infringer on notice of what activity is going accused of infringement." *Bot M8*, 4 F.4th at 1352. "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1353.

**B.    The Parties' Evidence.**

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, the Court may consider "documents incorporated into the complaint by reference, and matters of which [the Court] may take judicial notice." *Tellabs, Inc. v. Makor*

---

[2]    Prior to 2015, a patentee generally could satisfy the requisite pleading standards by utilizing Form 18. However, that year the Supreme Court abrogated the form. *See, e.g., Lifetime Indus., Inc. v. Trim Lock, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017).

*Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).  Zoom submits two exhibits to support its motion: a Zoom white paper entitled "E2E Encryption for Zoom Meetings" dated December 15, 2020 ("E2E"); and a February 2021 version of its Security Guide ("Security Guide"). (Declaration of Andrew T. Jones, ¶¶ 3-4, Exs. A-B.)  Cyph does not dispute that those documents are authentic, and it relies on each of those documents to support its claims.  Therefore, the Court may consider them under the incorporation by reference doctrine.

Cyph also submits a number of exhibits in support of its motion, including claim charts attached to a demand letter.  (Declaration of Carl Brundidge ("Brundidge Decl.").)  The Court did not consider Exhibits 1 through 3.b, 5 and 6 to resolve the motion.  Exhibits 4a through 4e are materials published by Zoom that Cyph referenced in its claim charts.  The Court will consider them under the incorporation by reference doctrine.

**C.     The Court Grants, in Part, and Denies, in Part, Zoom's Motion.**

Zoom argues that Cyph's allegations are too vague and conclusory to satisfy *Twombly* and do not provide it with sufficient notice the activities accused of infringing the Asserted Patents. According to Zoom: (1) Cyph fails to identify the accused products; and (2) fails to include facts to show how Zoom's products purportedly infringe the Asserted Patents.

**1.     The Accused Products.**

Zoom describes its product suite to include "Zoom Meetings, Zoom Video Webinars, Zoom Rooms, and Zoom Phone[.]"  (Brundige Decl., Ex. 4d at 1.)[3]  The Court concludes that Cyph sufficiently identifies the products and services that allegedly infringe the Asserted Patents and will address whether Cyph sufficiently identifies how each of those products infringe in the following section.

**2.     Alleged Infringement.**

Each of the Asserted Patents are directed to methods or systems and methods.  "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or

---

[3]     In its opposition, Cyph suggests that its overarching theory is that the "Zoom platform" on the whole infringes because it performs E2EE encryption of communications.  (*See, e.g.,* Opp. Br. at 7.)  The Court agrees with Zoom that theory is not clearly alleged in the Complaint.

4

attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). If more than one actor is involved "in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Id.* In *Akamai*, the Federal Circuit determined that may occur: (1) when an "entity directs or controls others' performance"; or "(2) where the actors form a joint enterprise." *Id.*

Claim 1 of the '625 Patent, entitled "Encrypted Group Communication Method," describes a method comprising, *inter alia*, "generating a shared symmetric key to begin a communication session among a group of users by a first user[.]" Cyph alleges that Zoom Products, "for example Zoom's web meeting system, Zoom online meeting via Zoom Apps, Zoom chats, and webinar program, are responsible *for generating a shared symmetric key to begin a communication session among a group of users by a first user*." (Compl. ¶ 40 (emphasis added); *see also id.* ¶¶ 41-43.) Those allegations, and similar allegations throughout the Complaint, would not satisfy the pleading requirements under *Twombly* because they do nothing more than allege Zoom infringes by reciting the relevant claim language verbatim. *See, e.g., Bot M8*, 4 F.4th at 1353.

Cyph argues that the facts *Disc Disease Solutions, Inc. v. VHG Solutions, Inc.*, are analogous to the facts here and show the Complaint fairly places Zoom on notice of how it allegedly infringes the Asserted Patents. 888 F.3d 1256, 1257 (Fed. Cir. 2018). In *Disc Disease*, the Federal Circuit noted that the technology was simple: a spinal brace with an inflatable band that expanded to provide traction to the spine. The plaintiff accused three of the defendants' products and attached photographs to the complaint. *Id.* at 1258, 1260. The court determined the "disclosures and allegations" were sufficient to place the defendant on notice and held the district court erred in dismissing the complaint. Similarly in *BOT M8*, in two of the patents at issue, the patents required that a fault inspection program be completed before a game is started. 4 F.4th at 1348.

The Federal Circuit concluded the plaintiff had alleged sufficient facts to state claim for one of those patents, where it recited the claim language incorporating those limitations and then "identified specific error messages that are displayed by [the accused product] when faults are

5

detected." 4 F.4th at 1356.  The error messages in question, such as "cannot access system storage", gave rise to a reasonable inference that the fault inspection program was completed before the game started.  *Id.*

The technology in this case does not appear equivalent to the spinal brace at issue in *Disc Disease,* and the number of patents and claims at issue also distinguishes the facts here from the facts in that case.  Cyph argues that the claim charts attached to the Complaint and the citations to Zoom source documents and other materials within those charts provide the requisite factual allegations.  These claim charts suffer from the same flaws as the body of the Complaint, *i.e.* Cyph recites the claim limitations verbatim, and states Zoom products contain those limitations.  Although Cyph has cited to source documents, those citations do not necessarily coincide with the claim language at issue.

For example, the claim chart for the '047 Patent includes the following discussion of Claim 1:

| generating a shared symmetric key to begin a communication session among a group of users by a first user, | Zoom Products generate a shared symmetric key to begin a communication session among a group of users by a first user. For example, Zoom meeting operates by establishing a secured communication among users who know a meeting key (MK) set by a leader (first user). See ZSG – "Application security" and "Chat encryption" 2; "End-to-end encryption" 4. |
|---|---|

(Compl., Ex. H.)

The section of the ZSG that is headed "Application Security" states that "Zoom can encrypt all real-time media content at the application layer using Advanced Encryption Standard (AES)."  (Brundidge Decl., Ex. 4(d), Zoom Security Guide at 2.)  Thus, unlike the error messages in *BOT M8*, that reference does not provide any additional information of how the Zoom Meeting product operates.  In its opposition, however, Cyph refers to a different section on page 2 of Zoom's Security Guide with the heading "Role Based User Security, which states that the meeting host can start a secured meeting with a passcode, which is more closely linked to the claim

6

limitation. (*Compare* Opp. Br. at 12 *with* Zoom Security Guide at 2.) Although Cyph need not plead its claims on an element-by-element basis, the Court concludes Cyph's allegations are not equivalent to the allegations that were found sufficient in *Disc Disease* or the allegations that were sufficient in *BOT M8*.[4]

Zoom also argues that each of the claims require the user – rather than Zoom – to perform steps of the claimed methods and that Cyph fails to include allegations that the actions of Zoom's customers can be attributed to Zoom. Cyph responds that Zoom is raising an improper argument about the merits of the case. It states the allegations demonstrate that Zoom, "through its communication platform of Zoom designed clients and servers practices every step of the claims of the Assert Patent [*sic*] as written," and cites to a portion of the '465 Patent's specification as an example. (Opp. Br. at 10-11.) The Court disagrees that Zoom's argument is a merits argument. In addition, the example cited is not included in the claim chart for the '465 Patent. Finally, Cyph's argument fails to explain how the allegations show either (1) how *Zoom* rather than its customers practices each step of the claimed methods or (2) how Zoom's customer's actions can be attributed to Zoom under *Akamai*.

Accordingly, the Court GRANTS, IN PART, Zoom's motion. Cyph must be able to allege an act of direct infringement to support its claims for contributory and induced infringement, and the Court also grants the motion to dismiss those claims. Because the Court cannot say it would be futile, it will grant Cyph leave to amend.

## CONCLUSION

For the forgoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART Zoom's motion to dismiss. Cyph may file an amended complaint by no later than June 6, 2022, and Zoom shall answer or otherwise respond by June 27, 2022.

//

//

//

---

[4] As Zoom points out, the E2E document states that it does not provide a solution for the Zoom Webinar product. (E2E at 6.)

1  The Court CONTINUES the initial case management conference set for June 3, 2022 to July 8, 2022 at 11:00 a.m. The parties' case management conference statement shall be due by July 1, 2022.

**IT IS SO ORDERED**.

Dated: May 17, 2022

_____
JEFFREY S. WHITE
United States District Judge