Dear Judge Ryu:

Pursuant to Your Honor's Notice of Reference and Order Re: Discovery Procedures (D.I. 57), the parties respectfully submit this joint letter regarding Plaintiff Cyph, Inc.'s responses to certain of Defendant Zoom Video Communications, Inc.'s requests for production.

**Case Management Deadlines:**  Cyph's opening claim construction brief is due April 3, 2023, Zoom's responsive brief is due April 18, 2023, Cyph's reply brief is due April 26, 2023, and the claim construction hearing is May 25, 2023.  Dates have not been scheduled for the fact and expert discovery cut-offs, pretrial conference, or trial.

**Zoom's Opening Statement:**  The parties met and conferred by video on January 5, 2023 regarding multiple Cyph's discovery deficiencies, including regarding the Requests raised in this letter, both of which were also at issue in the parties' September 21, 2022 joint discovery letter. (D.I. 71).  During the meet and confer Cyph agreed to address these deficiencies, including by producing the requested documents, but then failed to do so.  Zoom noted these failures in subsequent correspondence and requested to meet and confer further in the hope of resolving the disputes without burdening the Court.  But Cyph refused to produce the documents it had previously agreed to produce and initially refused to meet and confer further, stating in a January 13, 2023 email: "You have our answers and productions.  We have nothing more to say to you about your year old discovery requests."  Only after Zoom sent its portion of a joint letter on these issues to Cyph did Cyph relent and agree to meet and confer further, which the parties did on January 26, 2023.  Zoom merely seeks production of documents Cyph agreed to produce on the January 5 meet and confer call.

**Cyph's Opening Statement:**  Zoom served the Requests raised in this letter on January 24, 2022 (RFP 15) and July 8, 2022 (RFPs 47 and 48) respectively.  Countless times since the service of these Requests, Cyph has confirmed it did not possess responsive documents to the Request Zoom has presented.  Zoom has repeatedly expressed disbelief in Cyph's unambiguous statements.  Over the course of multiple meet and confers, the subject of these Requests has changed a multitude of time.

RFP 15, for example, explicitly requests "Documents sufficient to show any financial interest in this litigation on the part of any Inventor."  Cyph's original response unequivocally confirmed that it did not possess responsive documents to the Request as presented.  Rather than issue new discovery, Zoom pressed an alternative (yet unserved) Request – shareholder interest an Inventor may have in Cyph itself.  Desiring to avoid the Court's involvement, Cyph confirmed certain inventors were shareholders of Cyph, Inc. Zoom subsequently demanded that Cyph produce documents such shareholder interest.  Once again, Cyph confirmed that it did not possess responsive documents – explaining that Cyph is a very small privately held entity and did not possess responsive documents aside from what has already been produced.  Once again, Zoom expressed disbelief and pressed another alternative (yet unserved) Request – a screenshot evidencing shareholder interest an Inventor may have in Cyph itself.  Yet again, Cyph agreed to review and see whether such a production would be possible to avoid the Court's involvement. Cyph subsequently produced P001725 – a screenshot produced from a database not in Cyph's possession, noting again the RFP 15 requested documents sufficient to show what interest the

1

Inventors had in the litigation which had already been answered in the negative, they had no interest whatsoever in the litigation.

Similarly, regarding Requests 47 and 48, Cyph has repeated and unequivocally confirmed that it did not possess responsive documents to the Requests as presented. Specifically, Cyph has explained during multiple meet and confers that Cyph does not store the subject matter of these requests (namely, "Registered user count," "Total session count," and "Native app downloads"). Cyph explained, in an effort to avoid the Court's involvement, that the numeric values identified in these Requests are calculated or otherwise stored in 3rd party databases. Once again, Zoom expressed disbelief and demanded production on an alternative (yet unserved) Request – screenshots of these calculated values.

Zoom has been in receipt of Cyph's responses to these Requests for many months now and is clearly dissatisfied. Rather than conducting additional discovery, however, Zoom has taken the approach of rephrasing and otherwise extending the served Requests beyond their original boundaries. Respectfully, Zoom is in possession of other tools beyond its current insistence on seeking the Court's involvement.

Cyph respectfully submits such alternatives are proper at this stage of present proceedings and such alternatives would not unduly prejudice either party. For example, if Zoom has questions regarding Cyph's responses to these Requests, it is certainly entitled to take additional discovery (written or otherwise) to address its questions. Moreover, Cyph has significant questions regarding the scope of these Requests as originally served compared to what it now demands. For example, as explained to Zoom, Cyph interprets the Request and current law as not requiring it to produce documents it does not possess or control (*i.e.*, information found in third party databases or strictly calculated values that are not stored and do not exist in an alternative form).

**Requests for Production Nos. 47 (Cyph Product Users) and 48 (Product User Downloads)**
Zoom's Statement: Cyph did not produce any responsive documents, and instead provided in its response to RFP 47 numbers for its "Registered user count," "Total session count," and "Native app downloads," without identifying the source of these numbers. The parties met and conferred about this deficiency on September 14, 2022 before presenting this issue to the court in the parties' September 21, 2022 joint discovery letter. (D.I. 71 at 4.) During the October 13, 2022 hearing regarding the parties' competing protective order proposals, Your Honor denied the September 21 letter without prejudice.

After the hearing, Zoom attempted again to resolve this dispute without court intervention. During a November 14, 2022 meet and confer, Cyph agreed to supplement its responses to these RFPs that same week to either produce the documents that are the source of the numbers Cyph provided or to identify the system queried and query used to generate these numbers. But Cyph failed to provide the promised production or supplement. The parties met and conferred yet again regarding this dispute on January 5, 2023, and Cyph stated that the "Registered user count," "Total session count," and "Native app downloads" numbers Cyph provided in its RFP response came from Google tools/resources/analytics dashboard for Cyph's website, and Cyph agreed on that call that it would produce a screenshot of this dashboard with this information the

2

next day (January 6).  But Cyph has again failed to honor its commitments and has refused to produce this responsive screenshot that Cyph admitted it can generate and agreed to produce.

Zoom again requested production of the dashboard screenshot or that Cyph meet and confer on this issue.  During a further meet and confer on January 26, Cyph stated that it would not produce a screenshot of the dashboard due to claims of confidentiality and privilege.  But Cyph was unable to provide any explanation of the factual or legal basis for any privilege claim and could not explain how the website dashboard information could plausibly be privileged.  Cyph offered to produce a screenshot of the dashboard with portions of the screenshot redacted (as Cyph did with the screenshot it produced at P001725 discussed below), but such redaction of a discoverable document to remove allegedly irrelevant or confidential information "is generally an inappropriate tool" and is "highly disfavored where there is a protective order in place." *Magana-Munoz v. W. Coast Berry Farms, LLC*, No. 5:20-CV-02087-EJD, 2022 WL 6584545, at *2 (N.D. Cal. Sept. 29, 2022) (citing cases); *Live Nation Merch., Inc. v. Miller*, No. 13–CV–03936-CW, 2014 WL 1877912, at *2 (N.D. Cal. May 9, 2014) ("[R]edactions of otherwise discoverable documents here are unwarranted because Live Nation's concern about protecting privacy interests and confidential/proprietary information could be addressed through a protective order.  As courts have recognized, this type of unilateral redaction is disfavored, and a protective order could ensure the confidentiality of sensitive information.").  Cyph's unexplained statement below that it does not possess or control the website dashboard information being requested about its own website is belied by Cyph's recitation of "Registered user count," "Total session count," and "Native app downloads" values that are based on information Cyph took directly from the dashboard to which Cyph has access.

Zoom's final proposed compromise is for Cyph to produce a current screenshot of the dashboard with the information on which Cyph purported to rely for its statement of "Registered user count," "Total session count," and "Native app downloads" numbers that Cyph included in its previous RFP response.

Cyph's Statement:  As noted above and explained during multiple meet and confers, Cyph does not store "Registered user count," "Total session count," and "Native app downloads" – rather, such numeric values are dynamically calculated, a portion of what goes into this calculation is found on a dashboard (along with other information).  Certain values, for example, "Registered user count" and "Total session count" are not presented directly on a dashboard, but rather are presented as a composite of proxy information that suggests these values along with other information.  Since Cyph does not possess or control the information being requested, Cyph is not able to isolate the calculated value or data (to the extent such data may exist in a third-party resource).  As a result, Cyph communicated to Zoom it is unable to produce the requested screenshot and has offered to produce clipped images of such a screenshot (which Zoom has found unsatisfactory).

Cyph's resolution to this dispute is that Zoom conducts additional discovery (written or otherwise) to the extent additional questions exist based on the information Zoom has obtained through countless meet and confers where Cyph has attempted to explain its response without this Court's involvement.

**Cyph's Privilege Claim and Redaction of P001725 (Cyph share ownership table)**

Zoom's Statement: After further meet and confer following the October 13, 2022 hearing regarding the parties' joint discovery letter, Cyph produced P001725 in response to Zoom's RFP 15 (served January 24, 2021), which relates to the financial interests in this litigation.  Cyph did not serve any timely objections to RFP 15, and first responded to RFP 15 on March 10, 2022 by stating "no such documents exist."  Finding it implausible that no documents exist regarding ownership interests in Cyph, Zoom followed up and Cyph eventually produced P001725 and supplemented its RFP 15 response to identify P001725 and to also make an untimely and invalid objection to RFP 15 on generic unspecified privilege grounds.

P001725 is a heavily redacted one-page PDF that appears to list Cyph share ownership information.  Recent deposition testimony from a Cyph investor and Board member indicated Cyph uses the carta.com website to provide investors with access to Cyph's cap table of share ownership.  P001725 appears to be a redacted version of the screenshot of the Cyph cap table from carta.com that would be accessible to all Cyph investors, according to the testimony of Cyph's Board member.  Zoom inquired about the basis of Cyph's redactions and any privilege claim Cyph was purporting to make over the redacted portions of this document, despite Cyph having waived any privilege claim by failing to present a timely objection.  The parties discussed this issue on the January 5, 2023 meet and confer, during which Cyph initially confirmed that it was not claiming privilege with respect to P001725 and committed to produce an unredacted version of P001725 by the end of that week.  Cyph failed to honor its commitment. When Zoom asked again for the unredacted version of P001725, Cyph changed its position and further supplemented its RFP 15 response to state that "[t]he redacted information is confidential information and has been redacted to preserve the applicable privilege," despite Cyph admitting during the January 5 meet and confer call that P001725 is not privileged.  Zoom noted Cyph's change in position and again requested production of an unredacted version of P001725 or that Cyph meet and confer again on this issue.  During a further meet and confer on January 26, Cyph was again unable to explain how any claim of privilege could plausibly apply to the Cyph investor identity and share ownership information that Cyph redacted from P001725.  Cyph also failed to provide any explanation of why its confidentiality concerns, including the privacy concerns Cyph identifies below, are not addressed by the protective order entered in this case.

Cyph's admission during the January 5 call that the document is not privileged makes sense: no conceivable claim of privilege could apply to a table of share ownership made available to all investors.  Cyph has never provided any explanation of its meritless and waived privilege claim.  Furthermore, redaction of a document to remove allegedly irrelevant or confidential information "is generally an inappropriate tool" and is "highly disfavored where there is a protective order in place." *Magana-Munoz*, 2022 WL 6584545, at *2; *Live Nation Merch.*, 2014 WL 1877912, at *2.  Cyph attempts to distinguish *Magana-Munoz* and *Live Nation Merch.* below by arguing that those cases involved physical documents clearly within the responding party's control, whereas Cyph claims its redactions were necessary due to Cyph's inability to control information it does not possess.  Cyph fails to cite any authority to support its argument.  And Cyph's suggestion that it did not possess the Cyph share ownership information from P001725 that Cyph itself redacted before Cyph produced P001725 defies logic.  Cyph merely needs to produce an unredacted copy of P001725.

Zoom's final proposed compromise is for Cyph to produce an unredacted version of P001725.

Cyph's Statement:  Upon review, Cyph finds the facts *sub judice* to be distinguishable from the facts presented in either *Magana-Munoz v. W. Coast Berry Farms* or *Live Nation Merch., Inc. v. Miller*.  As explained during the last meet and confer, Zoom concerns regarding P001725 represent a novel issue.  Specifically, the redactions involved in *Magana-Munoz v. W. Coast Berry Farms* or *Live Nation Merch., Inc. v. Miller* concerned itself with physical documents clearly within the responding party's control.  Here, the redactions applied to P001725 were necessitated by the limitations Cyph inability to control information it does not possess.

Cyph further notes that since third parties are involved in a screenshot produced as a courtesy to avoid the Court's involvement (and not as a direct result of Zoom's Request directed to "Documents sufficient to show any financial interest in this litigation on the part of any **Inventor**" (emphasis added)), Cyph is concerned about privacy implications of the third parties involved (and not explicitly identified in the Request).  For example, Cyph is concerned how Cal. Const. Art. I § 1 ("All people are by nature free and independent and have inalienable rights … Among these are … obtaining privacy") may be implicated in this discovery request.  *See, e.g.*, *Valley Bank v. Superior Court*, 542 P.2d 977, 979, 980 (Cal. 1975) (where the California Supreme Court held that Cal. Const. Art. I § 1 was implicated with respect to relevant documents subject to a Request during ordinary civil discovery procedures); *see also Porten v. University of San Francisco,* 134 Cal. Rptr. 839, 843 (Cal. Ct. App. 1976) (concluding that "an inalienable right may not be violated by anyone" and applying the compelling interest test first described in *White v. Davis*, 533 P. 2d 222, 225 (Cal. 1975) to discovery conducted by private parties in civil litigation).

Cyph's resolution to this dispute is that Zoom conducts additional discovery (written or otherwise) to the extent additional questions exist based on the information Zoom has obtained through countless meet and confers where Cyph has attempted to explain its response without this Court's involvement.

**Attestation**

The undersigned certify that the parties met and conferred by video, most recently on January 26, 2023, regarding the issues addressed in this letter prior to filing the letter.

Dated: January 31, 2023                     BRUNDIDGE & STANGER, P.C.

                                            By: _____/s/ Carl I. Brundidge_____
                                                    CARL. I. BRUNDIDGE

                                            Attorneys for Plaintiff
                                            CYPH, INC.


Dated: January 31, 2023                     MORRISON & FOERSTER LLP

                                            By: _____/s/ Timothy C. Saulsbury_____
                                                    TIMOTHY C. SAULSBURY

                                            Attorneys for Defendant
                                            ZOOM VIDEO COMMUNICATIONS, INC.


**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3), regarding signatures, I, Eric P. Berger attest that concurrence in the filing of this document has been obtained from each of the signatories and that all signatories have authorized placement of their electronic signatures on this document.

                                            _____/s/ Eric P. Berger_____
                                                    Eric P. BERGER