UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYPH, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>ZOOM VIDEO COMMUNICATIONS, INC.,<br><br>        Defendant. | Case No. 22-cv-00561-JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 91 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED for March 17, 2023, which the Court will hold by Zoom webinar at 9:00 a.m.

The Court does not wish to hear the parties reargue matters addressed in their briefs, and the parties shall not file written responses to this Notice of Questions. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to file those authorities by no later than 4:00 p.m. on March 15, 2023. If the parties file additional authorities, they are ORDERED to submit the citations to the authorities, with pin cites. They shall not submit additional argument or briefing on the authorities. Cf. N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The parties will have 30 minutes for oral argument. The Court will waive that time limitation if an associate or of counsel attorney working on this case is permitted to address some or all of the Court's questions contained herein.

The Court is tentatively inclined to grant, at least in part, Defendant's motion to dismiss on the basis that Plaintiff still fails to allege facts to show any actions by a human user are attributable to Defendant.

1. The claims of all the Asserted Patents, except the '946 Patent, include the term "user" in the claims. Plaintiff now relies on a joint infringement theory, which requires human users do perform some of the steps of the claimed methods. Which specific steps of each Asserted Patent does Plaintiff allege the human users perform?

2. How is Defendant's alleged conduct different from any company that provides software for customers to use, such that the Court can reasonably infer Defendant, through its software, conditions "participation in an activity or receipt of a benefit upon performance of a step or steps of [Plaintiff's] patented method[s] and establishes the manner or timing of that performance." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). Is *Akamai* Plaintiff's best authority in support of this theory?

3. Plaintiff also alleges that Defendant and its users form a joint enterprise. To support the elements necessary, Plaintiff alleges that Defendant "and 3rd parties collecting service fees" share a "community of pecuniary interest." (SAC ¶ 56.) How do those allegations show Defendant's users share a pecuniary interest in E2EE encrypted communications?

**IT IS SO ORDERED**.

Dated: February 21, 2023

_____
JEFFREY S. WHITE
United States District Judge